### GLESSNER *v.* WINDSOR *et al.*

*Simmons, C. J.*—1. Where a stockholder in a business corporation, the stock of which can never in any event be worth more than a given maximum value per share, and upon which no dividends as such can ever be declared, brought against the corporation and its directors an equitable petition seeking to restrain the latter from doing various acts alleged to be illegal and contrary to the charter and by-laws, and praying for other relief, and at the hearing of the application thereunder for an interlocutory injunction, the defendants tendered a bond, which, if given, would fully protect the plaintiff in all his legal rights in the premises, even if all his contentions of law and fact should at the final hearing prove to be correct and well taken, there was no abuse of discretion in passing an order the effect of which was to require these defendants to file such a bond, and to declare that upon this being done the injunction be denied.

2. Though the order passed in the present case was doubtless so intended, it does not plainly and unequivocally accomplish the result above indicated, and accordingly appropriate direction is given for its modification, and also as to the costs of this writ of error.          *Judgment affirmed, with direction.*

February 7, 1896.

Equitable petition. Before Judge Fish. Sumter county. July 30, 1895.

Glessner brought his petition for injunction and other equitable relief, against the seven individuals composing the board of directors of the Mutual Building and Loan Association of Americus, making that association also a party defendant in its corporate capacity. At the hearing for injunction, defendants filed a demurrer and answer, and by their counsel made an offer in writing to execute and file a good and sufficient bond payable to the plaintiff, to answer to any judgment or decree that he may recover in this case against them; and prayed that, upon the allowance of such bond by the court and the filing of it in the clerk's office, the injunction be refused. Plaintiff's counsel objected to the case being given this direction. The judge certifies, that plaintiff's counsel, without reading any of the pleadings or evidence, stated the contentions of the parties as follows: that plaintiff contended that the series of stock in the association in which he held shares had to continue until each share was worth $200 without any deductions; and that defendants contended that the series was to run only until each share was worth $200 less the minimum premium then obtaining, at which time they would have the right to wind up the series, and that under the workings of the association it would necessarily wind up within ninety months; and it was agreed between counsel for plaintiff and defendants, that if plaintiff was correct in his contention, he should be paid the full amount of $200 per share at the end of ninety months without waiting longer for the maturity of the series; and upon this statement of the contentions of the parties, the court was of the opinion

that the plaintiff would be protected by defendants giving the bond allowed by the court. Before the court signed the judgment allowing the bond to be given, it was expressly agreed between counsel that all of the pleadings and evidence offered by both sides were considered read by the court and should constitute the record upon which the case was tried. Thereupon, without hearing evidence or going into the case further than to ascertain from the pleadings the contentions of the respective parties in order to determine whether a bond by the defendants would afford sufficient protection to plaintiff, the court passed an order, that the injunction prayed for be refused, upon defendants filing a bond with security to be approved by the clerk, in the sum of $2,000, conditioned to pay plaintiff $200 per share upon his stock not borrowed on, at the end of ninety months from the beginning of said series, in the event it shall be finally held and determined that he is entitled to recover said sum without any deduction of the minimum premium, as contended by him; and to pay him $200 per share on his stock not borrowed on, less the minimum premium, at the end of said ninety months, in the event it shall be held and determined that he is entitled to recover $200 per share less the minimum premium at that time, as contended by defendants under their construction of the by-laws. In the event of a recovery in this cause by plaintiff, judgment to be entered upon said bond for the amount of such recovery, as in cases of appeal.

The passage of this order instead of granting an injunction as prayed, was assigned by plaintiff as erroneous. The direction referred to in the second head-note so modifies the order excepted to as to rule: that the injunction be denied, if within ten days the defendants named in the petition as directors will file in the clerk's office a bond in the sum of $2,000, with good and amply solvent sureties, to be approved by the clerk, conditioned that the principals and sureties thereon shall, at the end of ninety months from the

beginning of series number 2 in said petition mentioned, pay to the plaintiff, without any deductions, the full sum of $200 upon each share of his stock not borrowed on, if by the final judgment in this case he establishes the correctness of his contention that said series cannot in any event be lawfully matured and closed up before said stock shall have attained to the full net value of $200 per share; and conditioned further, that in case he does not so establish the correctness of his said contention, said principals and sureties shall, at the end of said ninety months, pay to him upon each of his said shares the sum of $200 less the minimum premium then existing. Further, that it shall be ascertained and adjudicated, by the final judgment in this case, whether the plaintiff's contention as above stated is, or is not, correct, and the makers of said bond are to be thereby adjudged liable accordingly. The amount which in the one event or the other they are to be bound to pay to the plaintiff is to be fixed by said judgment, which is to be entered as are judgments in cases of appeals, and shall be enforced by execution against said principals and sureties. Further, that if such bond is not filed within the time specified, the hearing of the application for injunction shall then be in order upon its merits.

C. L. Glessner and Clarke & Hooper, for plaintiff.

E. A. Hawkins, for defendants.